IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BILLIE JO ARTZ, DANIEL KUDRAV,** § | | |
| **and INETRA WRIGHT** § | | **PLAINTIFFS** |
| § | | |
| **v.** § | **CIVIL ACTION NO. 1:07cv1006-LG-JMR** | |
| § | | |
| **MISSISSIPPI RIVER BOAT COUNCIL,** § | | |
| **UNITE HERE, INTERNATIONAL** § | | |
| **BROTHERHOOD OF TEAMSTERS,** § | | |
| **INTERNATIONAL UNION OF** § | | |
| **OPERATING ENGINEERS, and** § | | |
| **GULFSIDE CASINO PARTNERSHIP** § | | **DEFENDANTS** |

## ORDER GRANTING UNIONS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [3] filed by the International Brotherhood of Teamsters, International Union of Operating Engineers, Mississippi River Boat Council, and Unite Here (hereinafter "Unions"). Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Unions' Motion should be granted.

On October 20, 2004, the Mississippi Riverboat Council and Grand Casinos of Mississippi LLC, Gulfport, entered into a Memorandum of Agreement ("MOA") that addressed representational and union organizing issues affecting employee rights at the Grand Casino in Gulfport, Mississippi. On August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast, destroying the Grand Casino-Gulfport. As a result, the casino and other related facilities were closed; all employees were laid off; and the casino never resumed operations. On December 19, 2005, Gulfside Casino Partnership, purchased "certain distressed, non-operational and non-performing assets of the Grand Casino-Gulfport, including certain lease agreements and the damaged buildings." As part of the purchase, Gulfside and Grand Casino entered into a Side Agreement that purported to transfer all of Grand Casino's rights, title, and interest under the

MOA.

After the purchase of the assets, Gulfside constructed a new casino and other related facilities, hired employees, and began operations.  In February of 2007, the Mississippi Riverboat Council demanded that Gulfside provide it with a list of its employees, their job classifications, departments, and addresses, pursuant to the requirements of the MOA.  Gulfside refused to comply with the Council's demands and filed a lawsuit against the Unions, seeking a declaratory judgment that the MOA is not enforceable as to Gulfside.  The lawsuit was styled *Gulfside Casino Partnership v. Mississippi Riverboat Council, et al., Civil Action No. 1:07CV110-LG-JMR*.  The Council and the Unions asserted that Gulfside was in breach of the MOA, and filed a Motion to Compel Arbitration, relying on an arbitration clause contained within the MOA.  The Court denied the Motion to Compel Arbitration, holding that the MOA could not be assigned to Gulfside after all of Grand Casino's operations ceased since the MOA only applied to active operations.[1]  The Unions appealed this Court's Order denying the Motion to Compel Arbitration, and the appeal is still pending before the United States Court of Appeals for the Fifth Circuit.

In the present lawsuit, employees of Gulfside sued their employer and the Unions asserting that they do not want the Unions to obtain their personal information, gain access to them at their workplace, or become their exclusive bargaining representative.  The employees assert that the Unions' demands for this information, access, and control violate the Labor Management Relations Act.  The employees seek a permanent injunction enjoining the Unions

---

[1] The Memorandum Opinion and Order denying the Motion to Compel Arbitration, which was entered on October 4, 2007, in Civil Action No. 1:07CV110-LG-JMR, is incorporated herein by reference.

from requesting, demanding, or receiving things of value from Gulfside and seek a declaratory judgment that the requests and demands are unlawful under the Act.  The Unions have filed a Motion to Dismiss, alleging, *inter alia*, that this lawsuit is not ripe for review due to this Court's prior opinion that the obligations set forth in the MOA could not have been transferred to Gulfside.  However, Plaintiffs assert:

> This case presents a ripe case and controversy because the Unions continue to demand that Gulfside deliver Information, Access, and Control to the Unions in violation of § 302(b)(1).  The Unions have not dropped these demands, but persist in their efforts to force Gulfside to comply with the MOA with an appeal of this Court's denial of their motion to compel arbitration.

(Surreply at 2).

> The Fifth Circuit has explained the related doctrines of standing and ripeness as follows:
>
> Standing and ripeness are two doctrines of justiciability that assure federal courts will only decide Article III cases or controversies.  To achieve standing, a plaintiff must have suffered an injury in fact, . . . and generally, "must submit to the challenged policy" before pursuing an action to dispute it.  However, strict adherence to the standing doctrine may be excused when a policy's flat prohibition would render submission futile.  The ripeness doctrine counsels against "premature" adjudication by distinguishing matters that are "hypothetical" or "speculative" from those that are poised for judicial review.  Even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy."  A pre-enforcement action is "generally ripe if any remaining questions are purely legal . . . [and] further factual development" is not required for effective judicial review.

*LeClerc v. Webb*, 419 F.3d 405, 413-14 (5th Cir. 2005) (citations omitted).  In the present case, there is no "case or controversy."  Gulfside does not wish to comply with the Unions' request for this information and cooperation and has consistently taken the position that it assumed no obligations under the MOA.  Additionally, for the reasons set forth in this Court's previous opinion entered on October 4, 2007, in Civil Action No. 1:07CV110-LG-JMR, Gulfside has no

obligation to provide the Unions with Plaintiffs' personal information, provide access to Plaintiffs at their workplace, or allow the Unions to become Plaintiffs' exclusive bargaining representative.  Thus, a decision regarding whether the MOA violated the Fair Labor Act would be advisory in nature.  Furthermore, Plaintiffs have not alleged that they have suffered any injury as a result of the demands for their personal information, and Plaintiffs are not in any danger of suffering any injury until the appeal of this Court's prior order has been decided.  Rather, Plaintiffs are seeking a determination of the legality of the Unions' demands pursuant to the MOA before the Fifth Circuit has had the opportunity to determine whether the Plaintiffs' employer owed any duties under the MOA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [3] filed by the International Brotherhood of Teamsters, International Union of Operating Engineers, Mississippi River Boat Council, and Unite Here should be **GRANTED**.  This matter is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 4rd day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE